Shauck, J.
From -the finding of facts it is entirely dear that the claim of the auditor is not for any disbursement made by him, but solely for compensation for his services in furnishing blanks to assessors and instructing them in their duties. The claim for compensation is ■ made, notwithstanding the rule long established in this state, and recognized in the brief of counsel for the plaintiff, and in the several opinions of the judges of the circuit court who have reached different conclusions upon the question presented, that if a statute imposes a duty upon a public officer it is presumed to .be performed by him in consideration of the general emoluments of his office unless the legislature has clearly indicated the intention that compensation shall be paid for the performance of the duty so imposed. The view urged by counsel is, that the requirement of this rule is met by Section 1029, Revised Statutes (Bates’ Statutes of 1904), which provides that, “The auditor shall furnish the several assessors all blanks necessary for their use in the discharge of the duties enjoined on them, by law, and all reasonable charges therefor shall be allowed by the county commissioners, and paid out of the county treasury.” Certainly here is no express provision for the compensation of the auditor. The terms employed }n the...statute: do'not require more than the allowance by the commissioners of such reasonable sums *189 as may be paid to printers or stationers who furnish the blanks to the county. In its primary signification the word “charge” in the connection does not exceed this, for a charge is a load, a weight, or a burden. It does not in any primary sense embrace compensation. The view that the auditor and commissioners may, by agreement, include compensation to the auditor and fix the rate thereof is not only unauthorized by the statute, but it is in conflict with the express provisions of Sections 1077 and 1078, which relate directly and exclusively to the auditor’s compensation. The former section provides that, “All claims for serv1 ices of the county auditors, which are payable from the county treasury, shall be made out in detail according to the rates named in the foregoing sections, and shall be presented to the county commissioners who after being satisfied that the labor has been performed, shall allow said bill. * * *.” The latter section provides: “The fees and compensation provided for by the foregoing sections shall be in full for all services lawfully required to be done by the auditors of such counties; and it shall be unlawful for any county auditor to charge or receive any other or further fees or compensation, either as clerk of any board, or for any other services rendered by him.”
The obvious effect of these provisions is to prevent agreements between the auditor and commissioners as to the rate of any compensation which he is to receive, the legislature having itself by the sections referred to fixed the rates of all compensation which he is to be entitled to receive from the county treasury. In the' “foregoing *190 sections” referred to no rate whatever is fixed for the compensation which the auditor claims in the present case. It may, therefore, be regarded as prohibited by the express terms of the statute. These conclusions are in accordance with the views expressed in Jones, Auditor, v. Commissioners of Lucas County, 57 Ohio St., 189, where the related sections of the statute are analyzed and the principles involved are stated with clearness.

Judgment affirmed.

Summers, C. J., Crew, Spear, Davis and 'Price, JJ., concur.